IN THE MATTER OF CONTEMPT OF Harrell A. SIMPSON, Jr.

92-446                                            832 S.W.2d 216

Supreme Court of Arkansas
Opinion delivered May 29, 1992

*Jeff Rosenzweig,* for petitioner the Supreme Court Committee on Professional Conduct.

*Arnold, Grobmeyer & Haley, A Professional Association,* by: *Ben F. Arnold,* for respondent Harrell A. Simpson, Jr.

PER CURIAM. On April 14, 1992, the Supreme Court Committee on Professional Conduct (Committee) and its Executive Director, James A. Neal, through their attorney, petitioned this court for an appointment of a master to make findings of fact relating to charges that Harrell A. Simpson, Jr., an attorney whose license to practice law in Arkansas was suspended by the Committee on Professional Conduct on November 18, 1991, has violated the Procedures of the Supreme Court Regulating Professional Conduct of Attorneys at Law (Procedures) in that he has failed to comply with Sections 7B and D of the Procedures. In essence, the charges are that he has continued to practice law during the period of suspension and has not complied with the procedures for the conduct of a suspended attorney, the allegations being set out specifically in the April 14, 1992, petition.

The Committee and its Executive Director ask this court to find Mr. Simpson in contempt, to assess appropriate punishment,

and, further, to order Mr. Simpson to comply with the applicable Procedures and the Model Rules of Professional Conduct, including the requirement of immediate cessation of all activities that might reasonably be interpreted or construed as a practice of law.

On May 15, 1992, Harrell A. Simpson, Jr., through counsel, filed his response to the petition and admitted that Mr. Simpson is an attorney whose license to practice law in Arkansas was suspended by the Committee on November 18, 1991, and that this court has jurisdiction to hear and determine the matters alleged. He denies, however, that petitioners have probable cause to believe that he has violated any of the applicable procedures and that he is guilty of any misconduct amounting to an intentional disobeyance of any order of this court or of any committee appointed by this court.

For this reason, it is necessary for a hearing to be held to determine whether or not Mr. Simpson has violated any of the Procedures as alleged. We appoint the Honorable Darrell Hickman as Master to conduct the hearing.

Petitioners will have the burden of proving, by a preponderance of the evidence, the charges placed against the respondent, Harrell A. Simpson, Jr.; the Master shall conduct a hearing and make findings of fact as to each alleged violation of our rules and procedures with reference to the conduct of a suspended attorney.

Since the respondent has admitted that his license to practice law has been suspended, we order Mr. Simpson, if he is not currently doing so, to comply with the applicable Procedures, including, but not limited to, the requirement of the immediate cessation of all activities that might reasonably be interpreted or construed as the practice of law.

Upon receiving the findings of fact from the Master, we will make a decision as to whether or not Harrell A. Simpson, Jr., should be held in contempt of court.

DUDLEY and BROWN, JJ., not participating.